BERANEK, Judge.
The defendant appeals his conviction and sentence for trafficking in cocaine under Section 893.135, Florida Statutes (1981).
This case arose as a result of a drug seizure at an airport. On April 23, 1982, the defendant was observed by an undercover detective as he entered the parking area of the Fort Lauderdale airport carrying one piece of luggage. Two other undercover agents watched him check his luggage in the parking area after making eye contact with another individual but observed no overt signs of recognition. The defendant was later handed a leather coat by this individual while inside the airport. The transfer of the coat was made without any acknowledgment by the two that they knew each other. The defendant appeared to be leaving the airport.
At this point he was stopped by two undercover agents who asked to talk to him. The agents specifically informed Iapi-chino that he had the right to refuse to talk to them. The defendant agreed to talk, and further agreed to go to a private room for a patdown, at which time cocaine was found in the leather coat. Defendant’s motion to suppress was denied, and he pled no contest to a charge of trafficking in cocaine.
The defendant maintains that his detention by the detectives was unlawful, relying on Florida v. Royer, - U.S. -, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), aff’g. Royer v. State, 389 So.2d 1007 (Fla. 3d DCA 1980) (en banc). However, material differences exist between the two cases. In Roy-er, the defendant’s ticket and I.D. were kept by the police officer throughout the entire period of questioning, circumstances that would give a reasonable person the impression he was not free to leave. Iapi-chino’s I.D. was never taken by the officers, and his ticket was returned after examination. In Royer the defendant never verbally consented or agreed to go to the private room, or to have his luggage searched. Iap-ichino verbally agreed to the patdown in the private room.
Finally, the initial stop of Royer was due to the fact that he exhibited a variety of characteristics commonly referred to as the drug courier profile. However, Iapichino, in addition to exhibiting characteristics common to the drug courier profile, was also observed to be involved in the transfer of the jacket with a “stranger,” who was clearly not a stranger at all. Such circumstances clearly created the requisite founded suspicion in the minds of the officers that he was engaged in criminal activity, providing grounds for the initial detention.
The defendant raises several other issues, none of which are of merit.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.